PETERSON, Judge.
Richard A. Viti appeals a final order issued by the Department of Business and Professional Regulation, Florida Real Estate Commission (FREC), in a disciplinary proceeding. He alleges that FREC erred by finding him guilty of violating section 475.25(l)(f), Florida Statutes (1993), and imposing a pen *1278 alty more severe than that recommended by the hearing officer of the Division of Administrative Hearings (DOAH).
Viti was convicted of failing to file federal income tax returns for several years. Viti dutifully notified FREC of his conviction, and the Florida Department of Business and Professional Regulation, Division of Real Estate (“DPR”), initiated this disciplinary proceeding against him. A hearing officer of the DOAH conducted a hearing in which Viti asserted his Constitutional right to remain silent. The hearing officer found Viti to have been convicted of a crime involving moral turpitude, a violation of section 475.25(l)(f), Florida Statutes (1993). The hearing officer also found that Viti was not guilty of a second count that charged a violation of section 475.25(l)(b), Florida Statutes (1993). That section requires disciplinary measures when a licensee has committed fraud, misrepresentation, dishonest dealing by trick, scheme or device, culpable negligence, or breach of trust in a business transaction. FREC adopted these findings pertaining to Viti’s guilt, and we affirm that action. However, we vacate that part of the final order where FREC increased the hearing officer’s recommended penalty.
The hearing officer recommended to FREC that Viti be placed on probation for a period of five years. The recommended penalty was less than the maximum provided for in the disciplinary guidelines of “up to seven years suspension or revocation.” Fla.Admin.Code, R. 61J-24.001. The hearing officer justified the fighter sentence because Viti’s witnesses established that Viti had never before been disciplined during the 23-year period that he possessed an active Florida real estate license, that the conduct involved neither a client nor a broker-related business transaction, that Viti had provided a receipt showing that the delinquent tax returns had been recently filed, and that Viti really believed in what he did (“or failed to do”) in that he was a “tax protestor” not a “tax evader.”
Section 120.57(l)(b)(10) provides:
[t]he agency [FREC in this case] may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reason therefor in the order, by citing to the record in justifying the action.
Although DPR correctly refers to these statutory requirements in its brief, it is unable to precisely designate the particular statements in FREC’s final order which justify the addition of a three-month period of suspension. FREC’s final order indicates that the modification of the penalty was based upon its rejection of certain findings of fact and conclusions of law of the hearing officer and its adoption of certain exceptions to the recommended order filed by DPR. As Viti explains, however, because FREC did not alter the hearing officer’s conclusion that no violation of subsection 475.25(l)(b) was proven, FREC’s increase in the penalty could not be justified by its rejection of findings pertaining only to the hearing officer’s recitation and interpretation of section 475.25(l)(b).
The only other justification offered by FREC for the increase in the penalty was in its rejection of a finding of fact by the hearing officer that “on October 15, 1993 the Internal Revenue Service and the Georgia Department of Revenue acknowledged receipt of [Viti’s] Individual Income Tax Returns for the years 1983 through 1992.” FREC determined that the documentary evidence which supported this claim was hearsay unsupported by direct evidence. See § 120.58(l)(a), Fla.Stat. (1993) (hearsay may supplement other evidence but cannot in itself support finding unless admissible over objection in civil action). At the hearing, however, DPR specifically allowed the hearsay document to be admitted, and presumably used,[1] to the extent “it speaks to [Viti’s] character.” Additionally, DPR itself intro *1279 duced as an exhibit Viti’s answer to DPR’s interrogatory in which Viti stated he had “recently taken steps toward filing [his] Internal Revenue income tax returns for the years 1985 and 1986.” While DPR’s exhibit helped to demonstrate what Viti conceded from the start, a failure to timely pay income taxes, it also served as evidence that Viti had begun taking steps toward compliance.
We conclude FREC failed to state in its order any valid reasons for increasing the penalty imposed on Viti. We therefore remand to DPR for the purpose of amending its order so that the penalty recommended by DOA is adopted.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HARRIS and GRIFFIN, JJ., concur.

. Cf. BellSouth Advertising & Publishing Corp. v. Unemployment Appeals Commission, 654 So.2d 292 (Fla. 5th DCA 1995) ("residuum rule” allows all evidence in an administrative proceeding to be admitted, but hearing officer must later sift through the record "to find a residuum of satisfactory admissible evidence.").